## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| SYNY LOGISTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-00764 |
| ) | |
| GREAT LAKES INSURANCE SE, ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, Defendant, GREAT LAKES INSURANCE S.E. ("Great Lakes" or "Defendant"), by and through its undersigned counsel, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of its notice of removal, Defendant states as follows:

### Background

1. On January 18, 2022, Plaintiff, SYNY Logistics, Inc. ("Plaintiff"), filed Case No. 2022-CH-06112 in the Circuit Court of Cook County, Illinois. (A true and accurate copy of the complaint is attached as "**Exhibit 1**").

2. In its complaint, Plaintiff alleges, *inter alia,* causes of action against Great Lakes for declaratory judgment, breach of contract, and relief under Section 155 of the Illinois Insurance Code, arising out of a claim for property insurance coverage. (Ex. 1).

3. Plaintiff is incorporated in the State of Illinois with its principal place of business located at 7860 Leigh Avenue, Morton Grove, IL 60053. (Ex. 1, ¶ 1).

4. Great Lakes is a foreign insurance company duly organized and existing under the laws of Germany, with its principal place of business in Munich, Germany.

## Timely Removal

5. Defendant was served with a copy of the complaint on or after January 18, 2022.

6. No orders have been entered in the state court action, nor have any responsive pleading been filed.

7. This Notice of Removal is filed within thirty (30) days after Great Lakes receipt of the complaint on or after January 18, 2022. Thus, the notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

## Complete Diversity

8. Plaintiff is an Illinois corporation with its principal place of business located in Morton Grove, Illinois. (Ex. 1).

9. Defendant, Great Lakes, is a *societas europaea* ("SE"), or a public company registered in accordance with the corporate law of the European Union. Great Lakes' is incorporated in Germany with its principal place of business located at Koniginstrasse 107, 80802 Munich, Germany.

10. Pursuant to 28 U.S.C. § 1332(a)(2), "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interests and costs, and is between citizens of a State and citizens or subjects of a foreign state..."

11. "Deciding whether a business enterprise based in a foreign nation should be treated as a corporation for the purposes of § 1332 can be difficult." *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co. Ltd.*, 759 F.3d 787, 788 (7th Cir. 2014). Whether a foreign entity

should be treated as a corporation depends on whether that foreign entity "has attributes sufficiently similar to those of a corporation organized in the United States." *Instep Software LLC v. Instep (Beijing) Software Co.*, 577 Fed Appx. 612, 613 (7th Cir. 2014).

11. Great Lakes should be treated as a corporation for federal diversity jurisdiction purposes. German SE's are very similar in structure to Aktiengesellschaft ("AG's"), or German Corporations. AG's are treated as corporations for diversity jurisdiction purposes. *Keshock v. Matabowerke GmbH*, 2015 WL 10458544, n. 7 (S.D. AL Sep. 25, 2015); *Luftfahrtversicherungs-Aktiengesellschaft v. Markel Ins. Co.*, 2007 WL 141154, *1 (S.D. Fl. Jan. 16, 2007); *See also* Cornelius Wilk, *U.S. Corporation Going European? – The One-Tier Societas Europaea (SE) in Germany*, 35 SUFFOLK TRANSNAT'L L.R. 31, 36 (Winter 2012); *See also Investing in a German SE*, INT'L.

12. German SE's also resemble American corporations in that they have an indefinite existence, the right to contract and litigate in their own name, limited liability for investors and alienability of shares. *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co. Ltd.*, 759 F.3d 787, 788 (7th Cir. 2014).

13. The United States Internal Revenue Service defines SE's as "per se corporations." I.R.S. Notice 2007-10, 2006 WL 3759588 (2006). 26 C.F.R. § 301.7701.2(b)(8), clarifies that an SE is defined as a corporation for federal tax purposes.

14. At all times relevant, and for purposes of this Court's jurisdiction, Plaintiff was a citizen of Illinois, while Defendant is a German SE considered a corporation for diversity jurisdiction purposes with its principal place of business in Germany. Therefore, complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(c)(1).

**Amount in Controversy Satisfied**

15. Plaintiff seeks damages for breach of contract in the amount of approximately $37,456 for damages to the subject vehicle, towing and related charges in the amount of $31,190 (Ex. 1, ¶12), statutory damages in the amount of $60,000 under Section 155 of the Illinois Insurance Code, as well as attorney's fees. (Ex 1).

16. When a statutory penalty is sought as part of an underlying claim, it is properly considered part of the amount in controversy even if the statute labels the penalty as a "cost." *El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 753 (7th Cir. 2013); *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *see also Jump v. Schaeffer & Associates Insurance Brokerage, Inc.*, 123 F. App'x 717 (7th Cir. 2005) (Section 155 damages are properly considered as part of the amount in controversy).

17. The statutory language of Section 155 provides that upon a finding of vexatious and unreasonable delay or action in connection with the underlying insurance claim, the Court may award reasonable attorney fees, other costs, plus an amount not to exceed...$60,000. 215 ILCS 5/155(1).

18. Based on the above, the amount in controversy exceeds the $75,000 threshold and the matter is between citizens of different states. As such, this action is removable pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

**Notice to Plaintiff and State Court**

23. After filing the original notice of removal, Defendant, Great Lakes, will provide written notice of the same to Plaintiff and the Clerk of the Circuit Court of Cook County, Illinois. (True and accurate copies of the Notice to State Court and Notice to Opposing Counsel are attached and incorporated as "**Exhibit 2**").

24. Defendant demands a trial by jury on all issues triable by jury.

WHEREFORE, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant, GREAT LAKES INSURANCE S.E., hereby removes this case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, for all further proceedings in this matter.

                          Respectfully submitted,

                          GREAT LAKES INSURANCE S.E.,

By:   /s/ Michael J. O'Malley
       One of its Attorneys

Michael J. O'Malley (6308059)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 p | 312.704.1522 f
Michael.OMalley@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 11, 2022, I cause to be filed electronically the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to the parties by operation of the Court's electronic filing system. Pursuant to Section 1-109 of the Illinois Code of Civil Procedure and 28 U.S. Code § 1746, the, undersigned certifies that on <u>February 11, 2022</u>, he caused to be emailed and mailed, via first-class mail, the foregoing ***Notice of Removal*** to the following attorney:

Tom Koziol<br>
Tami J. Diamond<br>
Kurt E. Vragel, Jr., P.C.<br>
1701 E. Lake Ave., # 170<br>
Glenview, Illinois 60025<br>
(847) 657-8551<br>
tom@kevtrucks.com<br>
tami@kevtrucks.com

/s/ Michael J. O'Malley
One of its Attorneys