Hearing Date: 5/18/2022 10:00 AM
Location: Court Room 2403
Judge: Jacobius, Moshe

FILED
1/18/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00355
Calendar, 12
16319609

FILED DATE: 1/18/2022 12:00 AM 2022CH00355

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| SYNY LOGISTICS, INC. | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2022CH00355 |
| | ) |
| GREAT LAKES INSURANCE SE, | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff SYNY Logistics, Inc., by its attorney, as and for its complaint against Great Lakes Insurance SE, states as follows:

Parties, Jurisdiction and Venue:

1. SYNY Logistics, Inc. ("SYNY") is an Illinois corporation with its principal place of business at 7860 Lehigh Ave., Morton Grove, IL 60053. SYNY is in the business of providing transportation services to its customers.

2. Great Lakes Insurance SE ("GLI") is a licensed and registered insurance company which does business in the State of Illinois.

3. Jurisdiction is proper pursuant to 735 ILCS 5/2-209(a)(4) as GLI contracted to insure SYNY's business located in this State.

4. Venue is proper pursuant to 735 ILCS 5/2-101 in that the Policy was issued in this county and the defendant is a non resident.

Background Facts to All Claims:

5. GLI issued Certificate of Insurance No. PFA02201A20 to SYNY, whereby GLI provided Automobile Physical Damage coverage to SYNY for the period August 24, 2020 to August 24, 2021. A copy of relevant portions of the Certificate are attached hereto as **EXHIBIT A**.

6. The Certificate provided coverage for any automobile operated by a driver for SYNY who, at the inception of the Policy or at the date of hire, whichever is later, met the

1

**EXHIBIT 1**

Driver Criteria Conditions Endorsement which includes the following:

    2) Have experience as follows:

        (a)    a minimum of two (2) years continuous driving experience, within thirty-six (36) months of the policy inception date or date of hire, whichever is the later, . . . OR

        b)    a minimum of one (1) years continuous driving experience, within twenty-four (24) months of the policy inception date or date of hire, whichever is the later, . . . For such drivers the deductible stated in the Declarations Page shall be increased by 100% or to a minimum of USD 5,000, whichever is the greater.

7. On April 19, 2020, SYNY hired Brent Granville ("GRANVILLE") to drive a commercial vehicle for SYNY.

8. Thereafter, GRANVILLE drove a commercial vehicle for SYNY.

9. On January 26, 2021, GRANVILLE was involved in a motor vehicle accident ("the Accident") while driving SYNY's 2016 White Western Star, Model 5700 XE, VIN 5KJJBHD59GLHD2110 and 2017 White Vanguard trailer, VIN 5V8VC5326JM808710 ("the Vehicles").

10. SYNY timely submitted a claim to GLI related to the Accident and the resulting damage to the Vehicles (the "Claim").

11. On or about March 29, 2021, GLI, through its agent, JCS, acknowledged timely receipt and issued a letter denying coverage of the Claim. A copy of the letter is attached hereto as **EXHIBIT B** . The parties exchanges several additional letters in which GLI continued to deny coverage for the Claim.

12. The Vehicles were towed by Gilbeaux's Towing & Transportation, Inc. on or around the date of the Accident. A copy of the invoice for towing and related charges in the amount of $31,190, is attached hereto as **EXHIBIT C.**

13. The Vehicles were damaged in an amount to be determined and remain in a storage facility in Orange, Texas pending the outcome of this lawsuit.

2

## COUNT I - DECLARATORY JUDGMENT

14. SYNY realleges and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

15. An actual controversy exists which may be fully and finally determined by this Court as to the rights of each of the parties under the Policy.

16. Pursuant to Section 2-701 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-701, this Court is vested with the power to make binding declarations of the rights and liabilities of the parties hereto under the terms and provisions of the Certificate to adjudicate the final rights of all parties thereunder, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, SYNY respectfully requests that this Court enter a declaratory judgement in its favor declaring that the Certificate covers the losses sustained by SYNY related to the Accident and for such other and further relief as this Court deems just and appropriate.

## COUNT II - BREACH OF CONTRACT

17. SYNY realleges and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

18. The Certificate constitutes a contract between GLI and SYNY for the provision of the insurance coverage in consideration of the premiums paid and in accordance with the terms and conditions of the Certificate.

19. GLI breached the contract by denying coverage and failing and refusing to pay SYNY for the claims and losses sustained in the Accident.

20. SYNY has performed all conditions required of it under the Certificate including, but not limited to, payment of all premiums.

21. SYNY has been damaged by GLI's breach of the contract in an amount to be determined which includes the losses sustained to the Vehicles, and the towing and related

3

charges which are the subject of the Nebraska Lawsuit.

WHEREFORE, SYNY respectfully requests that this Court enter a judgment in favor of SYNY and against GLI for all damages proven at trial related to the failure of GLI to provide coverage for the claims, costs of this action and such other and further relief as this Court deems just and appropriate.

### COUNT III - BAD FAITH

22. SYNY realleges and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

23. GLI's denial of the Claim based on criteria that are contrary to the terms of the Certificate and usual and customary practices in the insurance industry, is vexatious and unreasonable.

24. In addition to its actual damages, SYNY is entitled to recover for GLI's bad faith denial of the claim pursuant to Section 155 of the Illinois Insurance Act, 215 ILCS 5/155.

WHEREFORE, SYNY respectfully requests that this Court enter a judgment, in addition to any amounts determined to be due and owing, for its reasonable attorney fees, costs and an additional $60,000 for GLI's bad faith.

Dated: January 18, 2022

SYNY LOGISTICS, INC.,
Plaintiff,

By: _____
One of its attorneys

Tom Koziol
Tami J. Diamond
Kurt E. Vragel, Jr., P.C.
1701 E. Lake Ave., #170
Glenview, IL 60025
(847) 657-8551
tom@kevtrucks.com
tami@kevtrucks.com

4

FILED DATE: 1/18/2022 12:00 AM  2022CH00355

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters stated to be on information and belief and as to such matters the undersigned certifies that he believes the same to be true.

**SYNY LOGISTICS, INC.**

By: _____
　　　　　Signature

Print Name: ___Ovidiu Astalus___

Its: _____President_____
　　　　　Title

Dated: ___1-14-2021___

5